# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

Valerie Flores,

                                        Plaintiff,

            v.                                    1:25-CV-1755
                                                  (MAD/MJK)

Wells Fargo,

                                        Defendant.

---

Valerie Flores, *Pro Se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Mae A. D'Agostino, U.S. District Judge:

## ORDER & REPORT- RECOMMENDATION

Flores began this action on December 14, 2025, by filing a complaint, and moving for leave to proceed *in forma pauperis* ("*IFP*") (Dkts. 1, 2). Flores also filed a motion to appoint counsel. (Dkt. 4). The Clerk sent Flores's Complaint and *IFP* application to this Court for review. (Dkts. 1, 2).

## I.    BACKGROUND

The allegations in the Complaint are as follows: "Wells Fargo discriminated against [Flores] and would not allow [her] to apply for a personal loan or open an account. [Wells Fargo] also would not allow

1

[Flores] to complete the application process over the phone. They told [Flores] to come back and would not take [her] as a walk in and then they never allowed [her] to schedule an appointment. Then a family member's phone number was somehow forwarded to their automated system when that family [member] never called there nor has never done business there either. [Wells Fargo's] attorney Michael Burke is/has maliciously defamed [her.]" (Complaint, Dkt. 1, at pg. 3).

Flores requests "$100,000 which is the maximum amount [Wells Fargo] give[s] out on personal loans and $75,000 personal injury financial settlement due to reputation harm and defamation." (*Id.* at pg. 4). She also requests an "injunction against" Wells Fargo's "employees and Michael Burke, Esq., and his law firm [for] harassment, stalking, and malicious reputational harm." (*Id.*).

## II.    *IFP* APPLICATION

Flores declares in her *IFP* application that she is unable to pay the filing fee. (Dkt. 2). After reviewing her application, this Court finds Flores is financially eligible for *IFP* status.

## III.   STANDARD OF REVIEW

In addition to determining whether plaintiffs meet the financial criteria to proceed *IFP*, courts must also review the sufficiency of the allegations in the complaint under 28 U.S.C. § 1915. That statute requires a court to dismiss a case—at any time—if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process and to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an

opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV.    DISCUSSION

Below, the Court reviews the sufficiency of Flores's Complaint and addresses her motion to appoint counsel. In Section IV.A., the Court recommends the District Court dismiss Flores's Complaint because it fails to state a claim.[1] In Section IV. B., the Court denies Flores's motion to appoint counsel.

### A. The District Court should deny Flores's claim because her Complaint fails to state a claim.

Pleadings must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief …" Fed. R. Civ. P. 8(a)(2). "The purpose of" Rule 8 "is to give fair notice of the claim being asserted so" adverse parties have "the opportunity to file a responsive answer, prepare an adequate defense, and determine

---

[1] The allegations in the complaint plausibly allege subject matter jurisdiction based on diversity.

whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (cleaned up). The rule also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.'" *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at *2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678 (cleaned up).

Flores's Complaint does not state a claim. Flores alleges that Wells Fargo discriminated against her because the bank would not

allow her to apply for a personal loan, open an account, and Wells Fargo would not allow Flores to complete the application process over the phone. (Complaint, Dkt 1, at pg. 3). Flores also claims that Michael Burke Esq.—Wells Fargo's purported attorney who is not a Defendant in this action—harassed, stalked, and defamed her. (Complaint, Dkt. 1, at pg. 1, 3). Liberally construed, the Complaint does not allege a discrimination claim. The Complaint neither establishes that Flores is a part of a protected class nor what Wells Fargo did to discriminate against her. Put another way, Flores's Complaint is a "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. And that is not enough to state a claim. *See, e.g., Lesson v. Jane Doe*, No. 1:25-CV-00188 (AMN/TWD), 2025 WL 1291533 (N.D.N.Y. May 5, 2025) (Adopting Report and Recommendation which dismissed a plaintiff's excessive force claim because that plaintiff failed to "identify what force" was used against him or "how it was excessive.").

**B. The Court denies Flores motion to appoint counsel.**

When analyzing requests to appoint counsel, courts consider five factors: (1) "whether the indigent" person's claims seem likely to be of substance;" (2) "whether the indigent" person "is able to investigate the crucial facts concerning" their "claim;" (3) "whether conflicting evidence

implicating the need for cross-examination will be the major proof presented to the fact finder;" (4) "whether the legal issues involved are complex; and" (5) "whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination." *Bussey v. Moore*, 23-CV-247, 2025 WL 1650792 at *1 (W.D.N.Y. June 11, 2025) (cleaned up) (citing *Hodges v. Police Officers*, 802 F.2d 58 (2d Cir. 1986)).

The Court is unaware of any special reason why appointment of counsel in this case is warranted at this time. Mindful of the scarcity of volunteer lawyers, courts must allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity."). The only facts which this Court may base its decision as to whether this lawsuit is of substance are the facts stated in Flores's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). After the facts in this case have been developed, Flores may file a new motion for appointment

of counsel, at which time, the Court will be better able to determine whether such appointment is warranted. Flores is advised that any renewed motion for appointment of counsel must be accompanied by documentation that substantiates her efforts to obtain counsel from the public and private sector. Thus, Flores's motion for appointment of counsel is denied.

## V.    CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed *IFP* (Dkt. 2) is **GRANTED**; and it is further

**RECOMMENDED**, the District Court dismiss Flores's Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** because it fails to comply with Fed. R. Civ. P. 8; and it is further

**ORDERED**, that Flores's motion to appoint counsel is denied; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail.[2]

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 19, 2025

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

2025 WL 1650792

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

Diamond BUSSEY, 22-B-119, Plaintiff,

v.

Shaun MOORE and Joseph Judd, Defendants.

23-CV-247 JLS(Sr)

|

Signed June 11, 2025

**Attorneys and Law Firms**

Diamond Bussey, Albion, NY, Pro Se.

Robert John Shoemaker, Monroe County Law Department, Rochester, NY, for Defendants.

**DECISION AND ORDER**

H. KENNETH SCHROEDER, JR., United States Magistrate Judge

**\*1** This matter was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #14.

Plaintiff, Diamond Bussey, filed this *pro se* action seeking relief under Title 42, United States Code § 1983 claiming defendant law enforcement officers violated his constitutional rights when they used excessive force during the course of a false arrest on March 25, 2020. Dkt. #7.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #24 & Dkt. #35. In support of his motion, plaintiff advises the Court that he requires counsel to investigate his claims and depose defendants. Dkt. #35. Plaintiff also complains that he has limited access to the law library. Dkt. #24.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has served detailed discovery demands relevant to his claims and has demonstrated a capacity to clearly communicate the factual basis of his claims to the Court. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

**\*2  SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 1650792

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,

v.

Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)

|

Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New York 12010, Plaintiff pro se.

## REPORT-RECOMMENDATION & ORDER

CHRISTIAN F. HUMMEL, United States Magistrate Judge

### I. In Forma Pauperis

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). On September 26, 2024, plaintiff submitted what the Court construes to be a supplement to the complaint. [1] See Dkt. No. 7. In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP. [2] Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also submitted for the Court's review a Pro Se Application for Permission to File Electronically and a Motion to Appoint Counsel. See Dkt. Nos. 4, 5.

### II. Initial Review

#### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they

"suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

 **\*2**  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

 **\*3**  This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) [3] (quoting Livingston v. Adirondack

Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

## B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983. See Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel." [4] Id. In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." Id.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" Id.

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." Id. at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. See Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of character [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial traumam [sic] due to my legal battles." Id. Indicating the relief sought, plaintiff states

> **4**  Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. ** This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. See id. at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. See id. He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." Id.

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." Id. Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts [5] from the County Court, and the Adult Drug Court." Id. Plaintiff refers to being drug free for four and a half years and having academic success in college. Id. at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." Id. Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has Constitutional violations. That case number is 1:24-CR-301 (AMN)." Id.

### C. Discussion [6]

#### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. See FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. See FED. R. CIV. P. 8(a)(2).

#### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. See Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. See Dkt. No. 7 at 4. Such claims would be barred by Heck v. Humphrey.

**\*5** As this Court, citing the District of Connecticut, has set forth:

In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards,

No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/ or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge" [8] such claims would be barred by judicial immunity.

 **\*6** "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." Zavalidroga v. Girouard, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017) (citing Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " Id. (quoting Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Id. (citation omitted); see Positron v. New York, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." Zavalidroga, 2017 WL 8777370, at *8 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " Id. (quoting Mireles, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " Pacherille v. Burns, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting Ceparano v. Southampton Just. Ct., 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Ceparano, 404 F. App'x at 539 (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " Ceparano, 404 F. App'x at 539 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (quoting Mireles, 502 U.S. at 11).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/ VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official

capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7** In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1406649, at \*5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

> Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.' " Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

> Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at \*5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at \*5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

### III. Conclusion

**\*8** It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have
**FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

**All Citations**

Slip Copy, 2024 WL 4870495

---

### Footnotes

1    The submission includes a letter addressed to District Judge D'Agostino, titled, "Requirements for Cases Removed From State Court," Dkt. No. 7; a receipt from Montgomery County Clerk dated December 8, 2022; and a "Notice of Claim" with the caption of Cole v. County of Montgomery, dated December 7, 2022. See Dkt. No. 7. The undersigned has reviewed this submission in connection with the initial review of plaintiff's complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d Cir. 2004).

2    Plaintiff is advised that, although he has been granted IFP status, he is still required to pay all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

3    Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

4 Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

5 Plaintiff did not provide any transcripts.

6 As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

7 The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a Heck dismissal. The undersigned has included the Heck review for sake of completeness.

8 Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by Rooker-Feldman, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by Younger. See Porter v. Nasci, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142414, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), report and recommendation adopted, 2024 WL 3158645 (N.D.N.Y. June 25, 2024) ("Under the Rooker-Feldman doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); see also Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

9 Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

10 The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

11 If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

---

---

Harmon v. Runyon, Not Reported in F.Supp. (1997)

Case 1:25-cv-01755-MAD-MJK    Document 6    Filed 12/19/25    Page 20 of 27

1997 WL 118379

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Jeanette HARMON, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.

No. 96 CIV. 6080(SAS).

|

Mar. 17, 1997.

**Attorneys and Law Firms**

Jeanette Harmon, pro se.

Aaron Katz, Asst. U.S. Atty., New York, N.Y., for Defendant.


*MEMORANDUM ORDER*

SCHEINDLIN, District Judge.

**\*1** On August 12, 1996, plaintiff filed this action pursuant to 42 U.S.C. §§ 2000e to 2000e–17 and § 29 U.S.C. §§ 621 to 634 for employment discrimination on the basis of her age, race and gender. On November 21, 1996, plaintiff applied for the appointment of counsel on the grounds that she lacks sufficient knowledge of the law to continue to maintain her claims *pro se.* For the reasons set forth below, plaintiff's application for appointment of counsel is denied with leave to renew.


Discussion As an initial matter, there is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of *pro bono* counsel in civil cases. *See Cooper v. A. Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir.1989). In *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986), *cert. denied,* 502 U.S. 986, 112 S.Ct. 596, 116 L.Ed.2d 620 (1991), the Second Circuit set forth the factors courts should consider in deciding whether to grant a *pro se* plaintiff's request for the appointment of counsel. As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance." *Hodge,* 802 F.2d at 61. If the plaintiff meets this requirement, the court must next consider factors including:

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62. As plaintiff is not indigent, the court is also required to consider plaintiff's efforts to obtain a lawyer. *Cooper,* 877 F.2d at 172, 174.

In the instant case, plaintiff has not met the threshold requirement set forth in *Hodge.* Plaintiff has presented no evidence whatever to support her claims regarding defendant's allegedly improper actions. Without presenting any evidence to support her claims, Harmon cannot meet the first requirement of the *Hodge* test described above. Accordingly, plaintiff's application is denied.

Given the early stage of these proceedings, it is possible that plaintiff eventually will be able to provide some evidence to support her claims. Plaintiff's application is therefore denied with leave to renew. If plaintiff wishes to apply again for the appointment of counsel, she must make some attempt to refer to evidence which supports her claims.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1997 WL 118379

---

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 1291533
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott LESSON, Plaintiff,

v.

Jane DOE / State Trooper, Defendant.

1:25-cv-00188 (AMN/TWD)
|
Signed May 5, 2025

**Attorneys and Law Firms**

SCOTT LESSON, Saratoga County Jail, 6010 County Farm Road, Ballston Spa, New York 12020, Plaintiff, pro se.

**ORDER**

Anne M. Nardacci, United States District Judge:

## I. INTRODUCTION

**\*1** On February 10, 2025, *pro se* plaintiff Scott Lesson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against an unknown New York State Trooper. Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis.* Dkt. Nos. 4, 6.

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on March 26, 2025, recommended that the Complaint be dismissed with leave to amend. Dkt. No. 6 ("Report-Recommendation"). Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 7-8. [1] No party has filed objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.' " *Petersen v. Astrue,* 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen,* 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir,* No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen,* 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.' " *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

**\*2**   "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal ...." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks determined that Plaintiff's allegations failed to set forth a claim for excessive force, as Plaintiff did not identify what force the unidentified state trooper purportedly used against him, nor how it was excessive. Dkt. No. 6 at 5-6. Magistrate Judge Dancks also found that Plaintiff's allegations failed to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. *Id.* at 4-5. As a result, Magistrate Judge Dancks recommended that the Complaint be dismissed with leave to amend. *Id.* at 6-7. The Court agrees with Magistrate Judge Dancks' findings and recommendations for the reasons set forth in the Report-Recommendation. Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; [2]  and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules. [3]

**IT IS SO ORDERED.**

## All Citations

Slip Copy, 2025 WL 1291533

---

### Footnotes

1    Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2    As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 5 at 6–7.

3    The Clerk shall also provide Plaintiff, at both his address of record and the future address he provided, Dkt. No. 2, with copies of all unreported decisions herein.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

335 Fed.Appx. 102
This case was not selected for publication in West's Federal Reporter.
United States Court of Appeals,
Second Circuit.

Sandra SHEEHY, et al., Plaintiffs–Appellants,

v.

Thomas P. BROWN, et al., Defendants–Appellees.

No. 08–0102–cv.
|
June 23, 2009.

**Synopsis**

**Background:** Plaintiffs appealed, pro se, a judgment of the United States District Court for the Western District of New York, Telesca, J., sua sponte dismissing their complaint.

**Holdings:** The Court of Appeals held that:

[1] plaintiffs failed to establish § 1983 claims arising out of their allegedly false prosecutions, and

[2] plaintiffs failed to state a claim for conspiracy to interfere with civil rights.

Affirmed.

West Headnotes (2)

[1]    **Civil Rights**  🔑  **Criminal prosecutions**

Plaintiffs failed to allege that their convictions or sentences were invalidated or otherwise expunged, as required to establish § 1983 claims arising out of their allegedly false prosecutions. 42 U.S.C.A. § 1983.

50 Cases that cite this headnote

[2]    **Conspiracy**  🔑  **Civil rights conspiracies**

Plaintiffs failed to allege the formation of a conspiracy, and overt acts in furtherance of such conspiracy, as required to state a claim for conspiracy to interfere with civil rights. 42 U.S.C.A. § 1985.

395 Cases that cite this headnote

**\*103**  **UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

**Attorneys and Law Firms**

Sandra Sheehy, pro se.

Robert Sheehy, pro se.

Patrick Sheehy, pro se.

Bobbi Sheehy, pro se.

Billie Sheehy, pro se.

Casey Sheehy, pro se.

Sherry Sheehy, pro se.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

**\*\*1** Plaintiffs–Appellants Sandra, Robert, Patrick, Bobbi, Billie, Casey, and Sherri Sheehy, *pro se,* appeal from the judgment of the United States District Court for the Western District of New York (Telesca, J.), *sua sponte* dismissing the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the facts, procedural history and issues on appeal.

Having reviewed *de novo* the district court's *sua sponte* dismissal under § 1915(e), *see Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001), we conclude that the district court did not err in dismissing Appellants' complaint.

**[1]** First, any 42 U.S.C. § 1981 or § 1983 claim against Appellees Lucy or Edward Sherwood, Thomas Fuoco, Mark Wattenberg, or Steve Presutti was properly dismissed, as private actors and institutions generally are not proper § 1983 defendants. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (§ 1983 actions do not reach purely private conduct). Additionally, for an individual to recover damages for an allegedly unconstitutional conviction or imprisonment, he or she "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, any § 1983 claims arising out of the allegedly false prosecutions of Sandra, Patrick, or Robert Sheehy were appropriately dismissed, as Appellants did not allege that their convictions or sentences were invalidated or otherwise expunged. *Id.*

**\*104** As for the American Society for the Prevention of Cruelty to Animals, the Allegany County Society for the Prevention of Cruelty to Animals, and Appellee Presutti, claims against these defendants were properly dismissed, as Appellants did not allege any wrongdoing on their part or specify how they were involved in the constitutional violations alleged. *See* 28 U.S.C. § 1915(e)(2). Next, to the extent that Appellants challenge the conduct of county district attorneys or state court judges, such actors are entitled to immunity. *Nixon v. Fitzgerald,* 457 U.S. 731, 766, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Appellants also assert § 1983 claims against: (1) county sanitation workers for entering the Sheehys' property, in violation of their property and privacy rights; (2) state troopers for use of excessive force and retaliation; and (3) Allegany County Department of Social Services employees for entering the Sheehys' property and removing the Sheehy children from their homes, in violation of their First, Fourth, and Ninth Amendment rights. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). We conclude that because the Appellants' § 1983 allegations are so vague as to fail to give the defendants adequate notice of the claims against them, the district court did not err in dismissing them.

**\*\*2  [2]**  Appellants also assert claims under § 1985, for which a plaintiff must allege: (1) a conspiracy, (2) which has an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right. *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) (per curiam). Here, the Appellants' claims of conspiracy failed to specifically allege (1) the formation of a conspiracy; or (2) overt acts in furtherance of such conspiracy. Thus, the district court correctly dismissed any claims brought pursuant to §§ 1985 and 1986.

To the extent that Appellants assert claims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242, these claims are not cognizable, as federal criminal statutes do not provide private causes of action. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994). In addition, any claim brought under 42 U.S.C. § 2000d, which prohibits the exclusion of individuals from a federally funded program or activity on the basis of race, color, or national origin, properly was dismissed, as Appellants did not allege that they were excluded from a federally funded program or activity and, thus, no claim exists under that statute. Similarly, although former 42 U.S.C. § 13981 authorized a cause of action arising out of a crime of violence motivated by gender, the Supreme Court has held that statute unconstitutional. *See United States v. Morrison,* 529 U.S. 598, 601, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).

We have reviewed Appellants' remaining arguments and find them to be without merit. We also note here that we see no **\*105** indication in the record that Appellants perfected service on any of the defendants in this case.

Therefore, for the reasons stated above, the judgment of the district court is AFFIRMED.

**All Citations**

335 Fed.Appx. 102, 2009 WL 1762856

---

© 2025 Thomson Reuters. No claim to original U.S. Government Works.